THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EUGENE PERRY, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, entered December 17, 1963 after a jury trial, convicting him of assault in the second degree and possession of a dangerous weapon (as a felony), and imposing sentence upon him as a second felony offender. Judgment reversed on the law and facts, and a new trial granted. The defendant was apprehended in Baltimore, Maryland. He was interrogated, both in Baltimore and in New York, and statements were taken from him in both places. Though the record is unclear whether the defendant requested a lawyer during his interrogation in Baltimore, the record is clear that he requested a lawyer during his interrogation in New York. Hence, the statements taken in New York and received in evidence violated the defendant's constitutional rights (*People* v. *Gunner*, 15 N Y 2d 226; *People* v. *Failla*, 14 N Y 2d 178; *People* v. *Donovan*, 13 N Y 2d 148; *Escobedo* v. *Illinois*, 378 U. S. 478). We note, too, that on the new trial which is directed a preliminary hearing is required with respect to the voluntariness of any statement of the defendant (*Jackson* v. *Denno*, 378 U. S. 368; *People* v. *Huntley*, 15 N Y 2d 72). Beldock, P. J., Ughetta, Brennan, Hill and Hopkins, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LUIS REYES, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, entered January 24, 1965 on his plea of guilty, convicting him of attempted violation of subdivision 3 of section 1751 of the Penal Law (possession of narcotic drugs) as a felony, and sentencing him to serve a term of three to five years. Judgment reversed on the law and the facts; motion to withdraw the plea of guilty granted; and action remitted for trial. On the day he pleaded guilty, the defendant's attorney requested leave to withdraw after the defendant had informed him of his desire to retain another attorney. The defendant himself also sought to withdraw the guilty plea upon being remanded after his guilty plea. Under these circumstances, it is our opinion that it was an improvident exercise of discretion to deny defendant's motion to withdraw his guilty plea and to substitute a plea of not guilty. Rabin, Hopkins and Benjamin, JJ., concur; Christ, Acting P. J., and Hill, J., dissent and vote to affirm the judgment on the ground that before the defendant's plea of guilty was made and accepted, the court in unmistakable terms warned the defendant that he would not be permitted to withdraw the plea because of a later change of mind.